UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LT. HENRY G.L. MCCULLOUGH, III, *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:18-CV-653 DRL-JEM |
| CITIMORTGAGE, INC., | |
| Defendant. | |

OPINION AND ORDER

Lieutenant Henry McCullough and Princess Naro-McCullough, husband and wife, filed this lawsuit following a series of bankruptcies and subsequent state court foreclosure proceedings. The McCulloughs allege that CitiMortgage discriminated against them because of their race and violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, in acquiring their Loan Modification Agreement.

CitiMortgage responded with a counterclaim, seeking enforcement of the Loan Modification Agreement. At present, CitiMortgage has just requested summary judgment on the McCulloughs' claims. Even though the McCulloughs were given proper *Faulkner* notice (ECF 52) pursuant to N.D. Ind. Local Rule 56-1(f), they have not responded to CitiMortgage's motion. This presiding judge, having been recently reassigned to the case, now grants summary judgment.

BACKGROUND

Because the McCulloughs have not addressed CitiMortgage's assertions of fact, the court will accept those facts as undisputed. *See* Fed. R. Civ. P. 56(e). Construing all facts in the most favorable light to the McCulloughs and likewise viewing all reasonable inferences in their favor, the following facts emerge.

1

In 1994, the McCulloughs executed a promissory note in the amount of $158,620 with Union Federal Savings Bank of Indianapolis. ECF 19-1. To secure this note, the McCulloughs executed a mortgage on their Granger, Indiana home in favor of Union Federal. ECF 19-5. Through a series of assignments, CitiMortgage eventually became the holder of the mortgage on the McCullough property. ECF 19-9.

In 2006, the McCulloughs began a series of bankruptcy proceedings. Their first Chapter 13 bankruptcy petition was filed on October 9, 2006 and dismissed on November 23, 2009 without a discharge. ECF 51-1 at 3, 12. Their second Chapter 13 bankruptcy petition was filed on January 6, 2010 and dismissed on July 19, 2012, via their own motion to dismiss. *Id.* at 12, 17. Finally, the McCulloughs filed for Chapter 13 bankruptcy, which was subsequently converted to a Chapter 7 petition, on October 15, 2012. *Id.* at 19. In this third bankruptcy proceeding, the McCulloughs finally received a discharge on February 3, 2014. *Id.* at 25.

Following the discharge, CitiMortgage filed a foreclosure action against the McCulloughs in state court. *Id.* at 26. CitiMortgage was successful at the trial level and was affirmed on appeal by the Indiana Supreme Court (*Id.* at 81); however, before CitiMortgage sought to enforce the foreclosure, it pursued a Loan Modification Agreement with the McCulloughs (ECF 51 at 7; ECF 1-1 at 20-25). On December 22, 2017, the McCulloughs entered into a Loan Modification Agreement that maintained their responsibility for the unpaid principal balance of the previous loan and total interest, a total of $150,067.38. ECF 51 at 8; ECF 1-1 at 21. Because of the Agreement, CitiMortgage filed a motion to set aside the judgment, which was granted by the state court on February 9, 2018. ECF 51-1 at 66-67.

The McCulloughs now claim that the Loan Modification Agreement was procured illegally in violation of RICO and that CitiMortgage discriminated against them on the basis of their race. In particular, the McCulloughs claim that CitiMortgage "intimidate[ed] harass[ed] and coerc[ed]" them into signing a "new mortgage." ECF 7 at 2.

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). The court must deny a summary judgment motion when there is admissible evidence that creates a genuine issue of material fact—a triable issue. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

The court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

The court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel," *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); however, the court is obliged to liberally construe the pleadings of *pro se* plaintiffs, such as the McCulloughs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

DISCUSSION

A.     RICO Claim

The amended complaint alleges civil RICO violations by CitiMortgage. While the McCulloughs have not specified which specific RICO provision CitiMortgage allegedly violated, all subsections of § 1962 require a showing of "a pattern of racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232-33 (1989). Allowing for all reasonable inferences and construing the facts most

favorable to the McCulloughs, they have not adduced any facts permitting a reasonable jury to find "racketeering activity" as defined in 18 U.S.C. § 1961(1). *See, e.g., Thiel v. First Fed. Sav. & Loan Ass'n*, 646 F.Supp. 592, 598 (N.D. Ind. 1986) (evidence suggesting no more than the execution of a note and mortgage did not qualify as racketeering activity under the statute). Accordingly, summary judgment is appropriate on this RICO claim.

B. Discrimination

The McCulloughs also claim CitiMortgage discriminated against them in violation of the Civil Rights Act of 1964; however, the McCulloughs' specific reference to being denied "fair housing rights" indicates that they are in reality bringing a claim under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601 *et seq*. The complaint alleges "unequal application in regards to all forms of acts of discrimination, services offered to [the] general public as mortgages by [CitiMortgage.]" ECF 7 at 5. This would appear to place their claim in either §§ 3605 or 3617 of the FHA.

To survive a summary judgment motion under either FHA provision, the McCulloughs needed to provide facts demonstrating discriminatory intent through direct or circumstantial evidence. *Bloch v. Frischholz*, 587 F.3d 771, 784 (7th Cir. 2009); *see also Latimore v. Citibank Fed. Sav. Bank*, 151 F.3d 712, 715 (7th Cir. 1998). The McCulloughs have not presented any facts that raise a genuine triable issue of discrimination. The McCulloughs have only asserted that they are African-American and that CitiMortgage discriminated against them on that basis, ECF 7 at 4-5, but pleadings are not evidence at summary judgment.

To the extent that the McCulloughs have asserted a claim under 42 U.S.C. § 1982, which originated in the Civil Rights Act of 1866, that discrimination claim falls short for the same reasons as their FHA claim. 42 U.S.C. § 1982 guarantees to all citizens of the United States "the same right ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." To prove a § 1982 violation, a plaintiff must demonstrate that the defendant was motivated

4

by racial prejudice. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1257 (7th Cir. 1993) (citing *Shaare Tefila Congregation v. Cobb,* 481 U.S. 615, 616 (1987)). Like their FHA claim, the McCulloughs have not presented any facts that create a genuine dispute as to whether CitiMortgage had any discriminatory intent against the McCulloughs throughout its dealings with them.

CONCLUSION

Construing all the facts as liberally and favorably toward the McCulloughs as the record allows, the court agrees with CitiMortgage that there exist no genuine disputes of material fact left for a jury to consider. Accordingly, the court GRANTS CitiMortgage's motion for summary judgment. ECF 51. CitiMortgage's counterclaim remains pending.

SO ORDERED.

September 26, 2019                                *s/ Damon R. Leichty*
                                                                                             Judge, United States District Court